AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

The person of RANDY SORRELHORSE

Case No. 15-MR-613

**FILED**
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

OCT 02 2015

**MATTHEW J. DYKMAN**
**CLERK**

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

located in the _____ District of ___New Mexico___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 18 U.S.C. § 1112 & 1153 | Voluntary Manslaughter committed within Indian Country |

The application is based on these facts:

See Attachment C

☑ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Lance Roundy, FBI Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10-2-15

_____
*Judge's signature*

City and state: Farmington, New Mexico

Hon. B. Paul Briones, U.S. Magistrate Judge
*Printed name and title*

## ATTACHMENT A
## PERSON TO BE SEARCHED

Randy SORRELHORSE, date of birth                , social security account number                , a Native American adult male with black hair and black eyes believed to be residing at Navajo Housing Authority (NHA) #148, Fruitland, New Mexico.

*(signature)*

B. Paul Briones, US Magistrate Judge

## ATTACHMENT B
## ITEMS TO BE SEARCHED FOR AND SEIZED

DNA samples from Randy SORRELHORSE in the form of buccal cells on oral swabs and blood samples in the form of a finger prick. The oral swabs will be collected from the inside cheek portion of the mouth to sufficiently collect buccal cells pursuant to the standard practices and procedures employed by the FBI for DNA testing. The blood samples will be collected from a finger prick from SORRELHORSE, which sample will be collected on a card and compared to material located on evidence items collected. Hair fiber samples from Randy SORRELHORSE, to be taken from the head area and compared with material similar in appearance to hair fibers found on evidence items collected.

B. Paul Briones, US Magistrate Judge

## Attachment C
## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Lance Roundy, being first duly sworn, hereby depose and state as follows:

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to collect DNA, blood, and hair fiber samples from Randy SORRELHORSE, (referred to herein as "SORRELHORSE") further described in attachment "A," by collecting oral (buccal) swab samples, blood sample from a finger prick, and physical hair samples according to the standard practices and procedures employed by the FBI for DNA testing and hair fiber comparison. Based on the following facts, probable cause exists to believe that SORRELHORSE violated federal criminal statutes, including but not limited to Title 18 United States Code (U.S.C.) § 1112 and 1153: Voluntary Manslaughter committed within Indian Country.

2. I have been a Special Agent with the Federal Bureau of Investigation ("FBI"), United States Department of Justice since September 2008 and I am a "federal law enforcement officer" within the meaning of Federal Rules of Criminal Procedure 41(a)(2)(C). I am currently assigned to the FBI's Farmington Resident Agency, where I primarily investigate violent crimes committed on Indian Reservations to include robbery, aggravated assault, and homicide. My law enforcement experience includes, but is not limited to, conducting surveillance, interviewing subjects, targets and witnesses, writing affidavits for and executing search warrants, supervising cooperating sources, working with and managing undercover agents, issuing administrative subpoenas, analyzing phone records, analyzing financial records, as well as analyzing data derived from the use of pen registers, trap and trace devices, and working Title III (wire tap) investigations. I am trained and have experience in the investigation of federal crimes committed on Indian Reservations.

3. The information set forth in this affidavit has been derived from an investigation conducted by SA Lance Roundy of the FBI, Farmington Resident Agency, Criminal Investigator (CI) Jerrick J. Curley of the Navajo Nation Department of Criminal Investigations as well as other law enforcement officers of the Navajo Nation and FBI.

4. The affidavit is being submitted for the limited purpose of obtaining a search warrant for DNA, blood, and hair fiber evidence. I have not included each and every fact known to me or other law enforcement agents concerning this investigation.

## FACTS AND CIRCUMSTANCES ESTABLISHING PROBABLE CAUSE

5. On July 6, 2014, the Navajo Police Department responded to a call for a domestic violence disturbance in which LT (referred to herein as "John Doe") and SORRELHORSE were reported to be intoxicated and both verbally and physically fighting at Indian Village in Shiprock, New Mexico, on the Navajo Indian Reservation. Both John Doe and SORRELHORSE were in a dating relationship and had a history of domestic violence and public intoxication. Emergency medical personnel responding to the scene found John Doe with several wounds on his body, to include a puncture wound above his eye and lacerations on his thigh, forearm and thumb. John Doe was unable to communicate clearly to the

Page | 1

officers and medical responders and was eventually transported to the San Juan Regional Medical Center for treatment of his wounds. John Doe subsequently died from his injuries. Medical Investigators determined that the cause of death was due to the puncture wound to his head, and ruled the cause of death as a homicide.

6. On July 6, 2014, in the evening hours, Officers responding to the domestic violence call involving John Doe and SORRELHORSE located SORRELHORSE outside of John Doe's residence in Indian Village with a wound to his head. SORRELHORSE was transported to Northern Navajo Medical Center for treatment, where he received approximately 19 sutures to treat the wound. Officers at the scene noted a substance resembling blood both inside and outside of John Doe's residence. Substances similar in appearance to that of blood and hair fibers were also found on a lamp base that appeared to be broken located inside of John Doe's residence, near large amounts of a substance resembling blood. The lamp base was collected by the investigating law enforcement agencies as evidence. The laceration to SORRELHORSE's head was similar in shape to the lamp base that was seized as evidence from John Doe's residence.

7. On or about July 7, 2014, law enforcement agents with the FBI conducted an interview with ST at the FBI Office in Farmington. During the interview, ST stated that she observed John Doe and SORRELHORSE arguing and fighting throughout the day of July 6, 2014. ST observed John Doe punch SORRELHORSE, and subsequently observed SORRELHORSE in return punch John Doe on the chin. John Doe and SORRELHORSE continued fighting and eventually began breaking furniture and other household items inside of John Doe's residence as a result of the conflict. ST subsequently left the area when ST observed John Doe and SORRELHORSE punching each other. ST stated that both John Doe and SORRELHORSE were drinking alcohol and appeared to be intoxicated. John Doe and SORRELHORSE were known to frequently fight with each other, both verbally and physically, and had a history of requiring a law enforcement response to break up the fighting. ST stated that the fights generally occurred while John Doe and SORRELHORSE were drinking alcohol. ST confirmed that John Doe and SORRELHORSE had been together in a dating relationship for approximately 14 years. LT was an enrolled member of the Navajo Nation Indian Tribe.

8. On July 7, 2014, SORRELHORSE was interviewed by the law enforcement regarding the fight with John Doe. SORRELHORSE stated that he wanted to speak to an attorney prior to speaking to law enforcement. On August 11, 2015, the affiant interviewed SORRELHORSE at his residence and SORRELHORSE again requested to speak to an attorney prior to giving his statement on the events occurring on or about July 6, 2014.

## CONCLUSION:

9. Based upon the information contained herein, the affiant believes there is probable cause to obtain a warrant to collect DNA, blood, and hair fiber samples from Randy SORRELHORSE. Said

DNA, blood, and hair fibers may be relevant and material in the context of forensic evaluation with regard to establishing SORRELHORSE's relationship to the death of John Doe as it pertains to 18 U.S.C. 1112.

10. This affidavit was approved by Assistant United States Attorney Paul Spiers.

Respectfully submitted,

Lance Roundy
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me on October 2, 2015:

Hon. B. Paul Briones
United States Magistrate Judge